## Marion Graves v. James Thompson.

**Execution—Sale Under—Separate Lots of Land Must be Sold Separately.**
　　It was the duty of the sheriff to sell the several lots of land separately as they were separated by distinct metes and bounds and containing not less than fifty acres and the written direction to sell the real estate instead of personal property, conferred no authority to sell the land as one tract.

**Execution Sale—Time to Redeem—Sale of Redemption Right.**
　　The fact that the time to redeem land sold under an execution has expired, does not affect the right of the execution debtor to have the sale set aside for irregularities, where the right of redemption has been sold under another execution before the time to redeem under the first sale has expired.

### APPEAL FROM MASON CIRCUIT COURT.

June 17, 1871.

Opinion by Judge Peters:

A large number of executions having been issued from the clerk's office in Mason county on the 11th of September, 1860, against the estates of Eldred M. Graves and others were placed in the hands of the sheriff of said county, and were by him levied on several tracts of land owned severally by the defendants in said executions except Elijah Loyd, of whom appellant was one, by their written directions to said sheriff instead of slaves and other personal estate.

Of the tracts of land thus levied on, appellant owned one containing 55 acres set apart to her on the partition of the real estate left by her father by commissioners to make said partition by distinct metes and bounds, designated as lot No. 2 on the plat of said division, also lots Nos. 3 and 4 were levied on, being two lots set apart by said commissioners at the same time to two other heirs of her father.

These lots of land were appraised separately by appraisers appointed for the purpose, and appellant's lot was appraised at $55 per acre, five dollars on the acre more than either of the other lots. And on the 11th of November, 1860, these three several lots were sold at the same time as one tract by the sheriff to satisfy said executions, and did not sell for three-fourths of their appraised value.

In January and June, 1861, several executions issued from the same office in favor of various persons and against several defendants in each execution; but of those which then issued, appellant was defendant in but one—that was in favor of John S. Mitchell, administrator of John Mathers for $395, and six per cent interest thereon from the 10th day of June, 1860, till paid; $1.15 costs. A part of these executions for which the one in favor of Mitchell, administrator, as aforesaid, and for which she was bound, were all levied on the equity of redemption in lot No. 2, which was appellant's, and lots Nos. 3 and 4, which had been sold on the 12th of November, 1860, as aforesaid, and on the 11th of November by the sheriff under said executions all together, and the same sold for $22.25 per acre, which satisfied the debts under which they were sold, including 21 acres, 2 rods and 30¼ poles of appellant's land, and appellee having paid to Ryan, who was the purchaser of the land at the sale of November, 1860, the price he paid for the same, took the sheriff's deed for the land of appellant, and having gotten the possession thereof, this suit in equity was brought by appellant to set aside the sale of her land, or to permit her to redeem the same on equitable principles.

The court below dismissed her petition, and she has appealed to this court.

It was certainly the duty of the sheriff to sell the several lots of land separated as they were by distinct metes and bounds, and containing in each lot not less than 50 acres separately, and especially was it his duty to so sell in view of the fact that appellant's lot was of greater value than either of the others. And the written direction to sell the real estate instead of slaves, conferred no authority to sell the land as one tract; but while that perhaps would not of itself be sufficient to set aside the sale, we do not perceive how the sale of the equity of redemption can be sustained. Appellant's land was evidently sold for debts she did not owe; the sheriff had no power to sell more of her land than would satisfy the debt for which she was bound. This irregularity or excess of authority must be fatal to the sale, and is such that the purchaser must take notice of. Nor can the fact, that the time to redeem her land was expired, affect her right to the relief she seeks; she had till the latest convenient hour of

the 11th day of November, 1861, to redeem; before that hour had arrived, her land was sold and she was thereby deprived of the right. But appellee being without fault in the matter, should be protected, and should have a lien on the land for the money he has paid out on appellant's portion of the debts.

Wherefore, the judgment is reversed and the cause is remanded with directions to refer the case to the master to ascertain and report the proportion of the debts for which appellant's land was sold at both sales would be with interest since the last sale, to ascertain what is a fair rent for the land since appellee has had the same in possession, and whether or not appellee has made improvements on the same of a lasting and valuable character, and what is the enhanced value of the land by said improvements, and for further proceedings consistent herewith.

*H. Taylor, for appellant.*

*Phister, for appellee.*